UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUMISLEY ALBERTO MARTINEZ (A# 072-838-473),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION CENTER,<br><br>Respondent. | No. 1:26-cv-06307 DAD SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural Background**

Petitioner, a citizen and native of Cuba, filed this § 2241 petition on August 10, 2026, challenging the revocation of his release and the government's efforts to execute a third-country removal to Mexico. ECF No. 1. Petitioner states that he received a final order of removal on November 26, 2013, and that he has complied with all supervision requirements until his re-arrest a routine check-in on October 24, 2025. <u>Id.</u> at 7.

In the response to the petition, Respondent informed the Court that the Middle District of Florida denied Petitioner's first § 2241 petition on April 13, 2026, as unripe under the framework

of Zadvydas v. Davis, 533 U.S. 678 (2001), see Martinez v. Warden, Baker Correction Institution, et al., Case No. 3:26-cv-00776-WWB-PDB (M.D. Fla.) ("Martinez I"), and that Petitioner has another § 2241 petition currently pending in the same court, Martinez v. Warden, North Florida Detention Center, et al., Case No. 3:26-cv-01399 WWB PDB (M.D. Fla.) ("Martinez II"). ECF No. 6. A review of the docket in Martinez II shows Petitioner filed the petition on May 28, 2026, and that the matter is fully briefed as of July 6, 2026.[1] Respondent urges the Court to dismiss this action without prejudice in light of that pending petition. Id.

## II. Analysis

As a matter of docket management and avoiding potentially inconsistent rulings on behalf of petitioners with multiple cases, the undersigned is recommending the dismissal of later-filed actions pursuant to the "first-to-file" rule where appropriate. See WCDS Buyer, Inc. v. Sohrab, No. 8:24-CV-02523-FWS-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) ("The [first-to-file] doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." (quoting Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016)). Under this judicially created "doctrine of federal comity," a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982); Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."). "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." In re Bozic, 888 F.3d 1048, 1052 (9th Cir. 2018) (quoting Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997)).

When applying the first-to-file rule, "a court analyzes three factors: chronology of the

---

[1] The undersigned takes judicial notice of the Middle District of Florida docket. Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

lawsuits, similarity of the parties, and similarity of the issues." Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991)). Here, the first requirement is met because Petitioner initiated the pending Martinez II action more than two months before this case and, because that matter is fully briefed, a final order is potentially imminent. Regarding similarity of the parties, "the first-to-file rule does not require exact identity" but rather "only substantial similarity of parties." Kohn L. Grp., Inc., 787 F.3d at 1240-41 (collecting cases). In each of his cases, Petitioner names the Warden of the facility where he was detained at the time, making them substantially similar for purposes of this rule. Finally, comparing the issues is difficult as a particular matter given the restricted nature of the Middle District of Florida filings. See Fed. R. Civ. P. 5.2(c). However, the issues in this case are identical to those presented in Martinez I that Middle District of Florida deemed unripe, see Martinez I, ECF No. 3, and that the undersigned logically presumes Petitioner renewed in his later-filed petitions.

Accordingly, the undersigned recommends that the petition be dismissed without prejudice pursuant to the first-to-file rule. See Bakhronov v. Warden, Golden State Annex, No. 1:26-CV-04342-NW, 2026 WL 1826486, at *2 (E.D. Cal. June 24, 2026) (granting motion to dismiss immigration habeas petition pursuant to first-in-file rule). The undersigned finds dismissal is appropriate in light of the Court's strong interest in conserving judicial resources and avoiding a potentially inconsistent ruling. In re Bozic, 888 F.3d at 1052.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice pursuant to the first-to-file rule.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to

////

////

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE